# Schulte Roth&Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Gary L. Stein                                                                                      Writer's E-mail Address
212.756.2441                                                                                   Gary.Stein@srz.com

September 17, 2020

**VIA ECF WITH COURTESY COPY TO CHAMBERS**

Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  *New York, et al. v. U.S. Department of Health and Human Services, et al.*,
>        No. 1:20-cv-5583-AKH

Dear Judge Hellerstein:

We respectfully submit this letter on behalf of several scholars who study the lesbian, gay, bisexual, and transgender ("LGBT") population ("Scholars of the LGBT Population" or "*amici*")—M. V. Lee Badgett, Andrew R. Flores, Nanette Gartrell, Christy Mallory, Ilan H. Meyer, Brad Sears, Ari Shaw, and Luis A. Vasquez—in support of their unopposed motion for leave to file a brief *amici curiae* in this matter.

In particular, *amici* seek leave to file a brief in support of Plaintiffs' motion for summary judgment, filed on September 10, 2020.  (ECF Nos. 62-66).  That motion seeks summary judgment on Plaintiffs' claims that a regulation pursuant to the Patient Protection and Affordable Care Act ("ACA") adopted by Defendant U.S. Department of Health and Human Services ("HHS"), 85 Fed. Reg. 37,160 (June 19, 2020) ("2020 Rule"), is substantively and procedurally invalid under the Administrative Procedure Act ("APA").

*Amici* are scholars of public health, medicine, social sciences, public policy, and law who study the health of LGBT people.  *Amici* are affiliated with the Williams Institute, a research center at the UCLA Law School dedicated to the rigorous study of sexual orientation and gender identity.  Research conducted by *amici* has been published on numerous occasions in peer-reviewed scientific journals and other publications.  Several federal courts have expressly relied on *amici*'s research and other research by the Williams Institute in connection with legal issues affecting the LGBT community.  *See, e.g.*, *Baskin v. Bogan*, 766 F.3d 648, 663, 668 (7th Cir. 2014); *Ely v. Saul*, 2020 WL 2744138, at *13 (D. Ariz. May 27, 2020); *G.M.M. ex rel.*

Honorable Alvin K. Hellerstein
September 17, 2020
Page 2

*Hernandez-Adams v. Kimpson*, 116 F. Supp. 3d 126, 141 (E.D.N.Y. 2015); *Campaign for S. Equality v. Bryant*, 64 F. Supp. 3d 906, 943 n.42 (S.D. Miss. 2014); *DeBoer v. Snyder*, 973 F. Supp. 2d 757, 763-64 (E.D. Mich. 2014), *rev'd, Obergefell v. Hodges*, 135 S. Ct. 2584 (2015); *Perry v. Schwarzenegger*, 704 F. Supp. 2d 921 (N.D. Cal. 2010).

   *Amici* can inform the Court about the immediate and long-term effects of discrimination on LGBT health.  For example, *amici* have explored a phenomenon known as "minority stress," in which stigma and prejudice cause LGBT individuals to endure stress over and above the everyday stress all people endure.  This excess stress negatively impacts health outcomes and contributes to the health disparities between LGBT people and non-LGBT people.  A*mici* have demonstrated that LGBT-supportive policies and social climates have a positive impact on the health and well-being of LGBT people.  As a corollary, the removal of nondiscrimination protections—as well as the perception of their removal—have a direct, negative effect on the lives and health of LGBT Americans.

   *Amici* are intimately familiar with the 2020 Rule; the predecessor rule issued by HHS in 2016 during the Obama Administration ("2016 Rule") which the 2020 Rule purports to repeal; and the administrative record before HHS when it promulgated the 2020 Rule.  The Williams Institute submitted a comment letter to HHS that is part of the administrative record, which *amici* helped prepare.  As scholars with extensive expertise in the subject matter area, *amici* believe they can be helpful to the Court in highlighting and explaining the significance of the evidence overlooked or disregarded by HHS in formulating the 2020 Rule.

   Accordingly, *amici*'s proposed brief focuses on how the administrative record demonstrated that LGBT people suffer pervasive and widespread discrimination in health coverage and health care, which results in immediate and long-term harms, and contributes to the health disparities between LGBT and non-LGBT Americans.

   Counsel has consulted with counsel for the parties to this action and can advise the Court that the parties do not oppose the filing of the proposed *amici curiae* brief.

         Respectfully submitted,

         /s/ Gary Stein

         Gary Stein

Enclosures (Ex. 1 – Proposed Brief *Amici Curiae*; Ex. 2 – Proposed Order)