UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| State of New York, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>U.S. Department of Health and Human Services, *et al.*,<br><br>    *Defendants*. | Case No. 1:20-cv-05583-AKH<br>Hon. Alvin K. Hellerstein |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY BRIEFING ON PLAINTIFFS' PREMATURE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO CONSOLIDATE BRIEFING AND SET A BRIEFING SCHEDULE**

Defendants respectfully move for a stay of Defendants' deadline to respond to Plaintiffs' premature motion for summary judgment until after this Court resolves Defendants' anticipated motion to dismiss, for which Defendants request a 30-day extension from September 21 to October 21, 2020. In the alternative, Defendants request that this Court extend the deadline to answer or respond to the complaint from September 21 until November 6, and the deadline to respond to Plaintiffs' motion for summary judgment from October 13 until November 6, so that Defendants can address the overlapping issues without duplicative briefing and with the benefit of the administrative record, which they anticipate producing by October 16. Plaintiffs oppose the relief requested. If the Court denies those requests, Defendants respectfully request that the Court enter an order extending their deadline to respond to Plaintiffs' Complaint and their deadline to respond to Plaintiffs' motion for summary judgment each until fourteen days after the denial order, so long

as that extension of Defendants' response deadline to the motion for summary judgment would not make the response due before the current October 13 deadline

## BACKGROUND

In this case, Plaintiffs—twenty-two states and the District of Columbia—challenge numerous provisions of a final rule ("2020 Rule") issued by the Department of Health and Human Services. *See* Nondiscrimination in Health & Health Educ. Programs or Activities, Delegation of Authority, 85 Fed. Reg. 37,160 (June 19, 2020). The 2020 Rule relates to Section 1557 of the Affordable Care Act, the law's antidiscrimination provision, codified at 42 U.S.C. § 18116. The 2020 Rule replaces a previous version of the rule issued in 2016. The 2020 Rule addresses a range of regulatory provisions that relate to sex discrimination, other forms of discrimination, the entities covered by the statute, the exemptions from that statute, the notices that covered entities must supply, the policies that covered entities must have in place, and myriad other issues.

Plaintiffs' Complaint challenges the 2020 Rule as substantively unlawful under the Administrative Procedure Act (APA) and contrary to the Due Process Clause. Defendants' answer or other response to Plaintiffs' 92-page Complaint is due on Monday, September 21. On September 10, Plaintiffs filed a 65-page motion for partial summary judgment, with 109 exhibits, to which Defendants' response is currently due on Tuesday, October 13. That motion for summary judgment likewise contends that the 2020 Rule is contrary to law and arbitrary and capricious in violation of the APA. Defendants have not yet responded to Plaintiffs' Complaint. Nor have Defendants produced the administrative record.

## ARGUMENT

### I. The Court Should Stay the Briefing on Plaintiffs' Motion for Summary Judgment

The Court should stay briefing on the Plaintiffs' motion for summary judgment pending resolution of Defendants' forthcoming motion to dismiss. This Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That broad discretion includes the "inherent power to control the sequence in which it hears matters on its calendar." *United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995). In particular, when two parties present separate motions, the Court may first consider a motion that "addresses a specific and narrow issue" rather than a motion that "encompass[es] issues far broader." *United States v. W. Elec. Co.*, 158 F.R.D. 211, 220 (D.D.C. 1994), *aff'd*, 46 F.3d at 1207 n.7 ("[T]he [district] court's explanation amply supports its exercise of discretion."). In this case, the existence of serious jurisdictional questions and the interests of efficiency and judicial economy make it appropriate for the Court to resolve Defendants' forthcoming motion to dismiss before the litigation proceeds to summary judgment.

The "first and fundamental" question for any court is that of jurisdiction: "[t]he requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception," and therefore "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (internal quotation marks omitted). Defendants' forthcoming motion to dismiss will raise, *inter alia*, the threshold issue of whether the Plaintiffs have standing to bring suit, including whether Plaintiffs have suffered any injury from the challenged provisions. Until this Court rules on that jurisdictional issue, Defendants "should not be put to the trouble and expense of any further proceedings, and the time of the court should not be occupied with any further proceeding." *United Transp. Serv. Employees of Am., CIO, ex rel.*

*Wash. v. Nat'l Mediation Bd.*, 179 F.2d 446, 454 (D.C. Cir. 1949). Neither the Court's nor the parties' time is well served by extensively debating the merits of the Rule and this suit when a dispositive jurisdictional motion is forthcoming. Indeed, in a lawsuit against the 2020 Rule brought by another state (Washington), the federal district court wholly denied preliminary relief due to a lack of standing, after which the state voluntarily dismissed its case. *Washington v. HHS*, No. 20-cv-1105, 2020 WL 5095467, at *12 (W.D. Wash. Aug. 28, 2020). In another challenge to the 2020 Rule, a district court found that plaintiffs lacked standing to challenge certain provisions. *Whitman-Walker Clinic, Inc. v. HHS*, No. 1:20-cv-1630-JEB, 2020 WL 5232076 (D.D.C. Sept. 2, 2020).

Because Defendants' motion to dismiss, if granted, would put an end to this litigation or at least substantially shrink the number of provisions being challenged, to require the parties or the Court to address the substance of Plaintiffs' summary judgment motion at this time would be an inefficient use of resources. Nothing in Rule 56 justifies such waste. In fact, the Advisory Committee notes for Rule 56 encourage courts to issue orders that will prevent the premature briefing of summary judgment motions filed at the commencement of a case: "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case." Fed. R. Civ. P. 56 advisory committee's note (2010 amendments). Indeed, Rule 12(b) "promotes the early and simultaneous presentation and determination of preliminary defenses." 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1349 (3d ed. 2004). Adjudicating motions under Rule 12(b) thus helps to "produce an overall savings in time and resources as well as avoid delay in the disposition of cases, thereby benefiting both the parties and the courts." Wright & Miller, § 1349. Plaintiffs should not be

permitted to preempt Defendants' rights under Rule 12 and waste the parties' and the Court's resources by seeking to advance this litigation straight to summary judgment.

A stay of summary judgment briefing is also appropriate so that summary judgment motions, if ultimately necessary, can be properly resolved on the administrative record. Plaintiffs' claims for substantive violations of the APA must be determined based on the administrative record, which the agency is charged with compiling. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record[.]"); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court." (internal citation omitted)). Here, Plaintiffs moved for summary judgment without permitting Defendants the opportunity to compile the administrative record. In the absence of an administrative record, Plaintiffs seek to support their motion with various exhibits. This unofficial, Plaintiff-selected compilation of documents, however, does not and cannot substitute for the administrative record against which the agency's actions must be evaluated. Plaintiffs should not be permitted to unilaterally redefine the traditional method for judicial review of agency action, and Defendants should not be forced to brief, nor the Court to decide, summary judgment without the benefit of the administrative record. To respond to Plaintiffs' motion would require Defendants to first spend significant time and resources compiling an administrative record to enable review of the merits of Plaintiffs' substantive APA claims, all of which would become wasted effort if the Court grants Defendants' motion to dismiss.

Finally, deferring summary judgment briefing would not prejudice Plaintiffs. If the Court ultimately denies the motion to dismiss, the parties may then turn to the merits of the arguments

raised in Plaintiffs' summary judgment motion and any cross-motion for summary judgment that Defendants would file.

In sum, Defendants respectfully submit that the more efficient path forward in this case is for the Court to resolve the anticipated motion to dismiss, which has the potential to shrink the scope of the disputed issues and resolve whether this Court even has jurisdiction to hear this case. Defendants believe that a stay of briefing on summary judgment until after resolution of that motion to dismiss will minimize the parties' unnecessary or duplicative briefing and will preserve the parties' and the Court's resources and efficiency. Briefing summary judgment at this point—before any motion to dismiss has been resolved, the complaint answered, or the administrative record produced—would be premature. Defendants therefore propose that this Court stay briefing on summary judgment until after resolution of the anticipated motion to dismiss.

To enable Defendants to adequately respond to Plaintiffs' 92-page Complaint, Defendants further request that the deadline to respond to Plaintiffs' complaint be extended thirty days to October 21. Counsel for Defendants face numerous pressing matters limiting their ability to respond to Plaintiffs' lengthy Complaint—for example, counsel for Defendants have undertaken several rounds of preliminary injunction briefing and arguments relating to the 2020 Rule since Plaintiffs filed this lawsuit,[1] and several other challenges to Rule 1557 have a deadline approaching for the answer or response to the complaint in those cases. *See* Minute Order, *Whitman-Walker Clinic, Inc. v. HHS*, No. 1:20-cv-1630-JEB (D.D.C. Sept. 8, 2020) (setting the answer deadline for September 29); Electronic Order, *Boston Alliance of Gay, Lesbian, Bisexual and Transgender Youth (BAGLY) v. HHS*, No. 1:20-cv-11297, ECF No. 17 (D. Mass. Sept. 11, 2020) (setting the

---

[1] *See Washington v. HHS*, No. 20-cv-1105, 2020 WL 5095467 (W.D. Wash. Aug. 28, 2020); *Whitman-Walker Clinic, Inc. v. HHS*, No. 1:20-cv-1630-JEB, 2020 WL 5232076 (D.D.C. Sept. 2, 2020); *Walker v. Azar*, No. 20-cv-2834, 2020 WL 4749859 (E.D.N.Y. Aug. 17, 2020).

answer deadline for October 14); Electronic Order, *Walker v. Azar*, No. 20-cv-2834 (E.D.N.Y. Sept. 15, 2020) (setting the answer deadline for October 30, 2020). Additional time for Defendants' response is necessary to ensure that Defendants are able to adequately respond to Plaintiffs' extensive Complaint.

> II. **In the Alternative, the Court Should Extend the Deadline to Answer or Respond to the Complaint and the Deadline to Respond to Plaintiffs' Motion for Summary Judgment**

As discussed above, the proper path forward in this case is for the Court to assure itself of jurisdiction and address the anticipated motion to dismiss before requiring the parties to address the merits of Plaintiffs' motion for summary judgment. It should accordingly stay Defendants' response to Plaintiffs' motion for summary judgment until after the Court decides Defendants' forthcoming motion to dismiss. In the alternative, however, the Court should at least provide Defendants an opportunity to compile an administrative record on which to defend the agency action at issue here. Likewise, the Court should permit Defendants to file their anticipated motion to dismiss and the summary judgment briefing together, to reduce the duplicative briefing that would substantially overlap in those two separate sets of briefing. Defendants expect to produce the administrative record by October 16, 2020. Defendants therefore request that the Court extend their deadlines to respond to the Complaint and to respond to Plaintiffs' motion for summary judgment until November 6, 2020, and to permit Defendants to file a consolidated motion to dismiss, motion for summary judgment, and opposition to plaintiffs' partial motion for summary judgment at that time.

> III. **If This Court Denies This Motion, Defendants Request That Their Deadlines to Respond to the Complaint and Respond to Summary Judgment Be Set for Fourteen Days After That Denial**

If this Court believes that staying summary judgment briefing or consolidating the issues for consideration after production of the administrative record is inappropriate, Defendants

respectfully request that this Court permit Defendants to file their answer or motion to dismiss and their response to the summary judgment motion fourteen days after this Court enters its order denying those requests.

## CONCLUSION

For the foregoing reasons, the Court should stay Defendants' response to Plaintiffs' motion for summary judgment pending resolution of Defendants' forthcoming motion to dismiss, and should grant Defendants a thirty-day extension to file that motion to dismiss. Alternatively, if the Court denies that request, Defendants respectfully request that the Court extend the deadlines for Defendants to answer or respond to the Complaint and to respond to Plaintiffs' motion until November 6. Lastly, if the Court decides that neither form of relief is appropriate, Defendants respectfully request an extension of fourteen days from entry of that denial order for Defendants to answer or respond to the complaint and to respond to Plaintiffs' motion for summary judgment.

Dated: September 18, 2020 Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

WILLIAM K. LANE
Counsel to the Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Jordan L. Von Bokern*
JORDAN L. VON BOKERN
(D.C. Bar # 1032962)
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-7919
Fax: (202) 616-8460
Jordan.L.Von.Bokern2@usdoj.gov

Attorneys for Defendants