UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, )<br>)<br>  Plaintiffs, )<br>)<br>  v. )<br>)<br>U.S. DEPARTMENT OF HEALTH )<br>AND HUMAN SERVICES, *et al.*, )<br>)<br>  Defendants. )<br>_____) | Case No. 1:20-cv-5583-AKH |

**UNOPPOSED MOTION FOR A STAY OF PROCEEDINGS**

Defendants, by and through undersigned counsel, respectfully request that the Court stay all proceedings in this matter while new leadership at the U.S. Department of Health and Human Services (HHS) evaluates the issues this case presents, especially in light of the President's Executive Order on Preventing and Combating Discrimination on the Basis of Gender Identity or Sexual Orientation.  This motion is unopposed.

1. This case concerns the validity of a final rule that HHS promulgated in 2020.  The rule, entitled Nondiscrimination in Health and Health Education Programs or Activities, 85 Fed. Reg. 37,160 (June 19, 2020), implements Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116.  In this case, Plaintiffs seek judicial review of the rule.  On December 2, 2020, Defendants moved to dismiss for lack of subject matter jurisdiction and Plaintiffs moved for summary judgment on their Administrative Procedure Act claims.

2. The parties' motions are fully briefed.  The Court has not scheduled argument on the motions.

3. New leadership at HHS is will be reassessing the issues that this case presents.  In would therefore conserve the resources of the Court and the parties to stay proceedings while HHS undertakes this reassessment.  New leadership began arriving at HHS and the U.S.

Department of Justice on January 20, 2021 and will need additional time to review the rule in question and the multiple legal issues that are involved in this case; consult with all interested federal agencies and offices; and determine the appropriate course going forward. Given the recent change of administration and the complexity and importance of the issues presented by the rule and in this case, these extraordinary circumstances support a stay of proceedings. The Court's authority to order such a stay is well-settled. *See Landis v. N. Am. Co.*, 299 U.S. 248, 253 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). *Accord Dietz v. Bouldin*, 136 S. Ct. 1885, 1892-93 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." (citing *Landis*, 299 U.S. at 254)).

4. The Court should stay further district court proceedings pending the new administration's review of this litigation and the rule being challenged because that review may result in changes that render it unnecessary for the court to resolve the jurisdictional and merits issues presented in this case or, at the very least, narrow those issues significantly. Moreover, neither party nor the public would be prejudiced by a stay.

5. The federal government proposes that the parties file a joint status report no later than May 14, 2021, apprising the Court of the status of the matter and submitting a proposal for further proceedings. Section 2(d) of the aforementioned Executive Order requires agency heads, by April 30, 2021, to develop a plan to carry out actions the agency identifies as appropriate. May 14, 2021 would provide the parties two weeks to confer after that date. Plaintiffs do not oppose Defendants' proposal.

## CONCLUSION

For the foregoing reasons, the Court should stay proceedings in this case. Defendants propose that the parties jointly file a status report by no later than May 14, 2021, apprising the Court of the status of the matter and submitting a proposal for further proceedings.

Dated: February 10, 2021    Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883
Washington, D.C. 20009
(202) 514-4964
Liam.C.Holland@usdoj.gov

*Counsel for Defendants*