UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF HEALTH )<br>AND HUMAN SERVICES, *et al.*, )<br>)<br>Defendants. )<br>_____) | Case No. 1:20-cv-5583-AKH |

**JOINT STATUS REPORT**

The parties, by and through undersigned counsel, respectfully submit this Joint Status Report pursuant to the Court's Order Granting Unopposed Motion to Stay Proceedings, ECF No. 141.

On May 12, 2021, Defendants provided Plaintiffs an update as to two recent developments regarding the subject matter of this litigation. Plaintiffs have reviewed the information provided by Defendants. The Parties separately set forth their positions as to the appropriate course of action in these proceedings below.

**I.   Defendants' Position**

As previously addressed, new leadership began arriving at the U.S. Department of Health and Human Services ("HHS") and the U.S. Department of Justice on January 20, 2021, and have been reassessing the issues that this case presents. Defendants report that HHS's reassessment remains ongoing. Defendant Secretary Becerra[1] took office less than two months ago, on March

---

[1] Xavier Becerra and Robinsue Frohboese have been substituted for Alex M. Azar II and Roger Severino, respectively, as Defendants in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

19, 2021, and HHS continues to await a permanent director of the HHS Office for Civil Rights. Nevertheless, Defendants report the following two substantive developments arising from their ongoing reassessment:

1. ***Determination that HHS Anticipates Initiating a Section 1557 Rulemaking Proceeding***

HHS has determined that it intends to initiate a rulemaking proceeding on Section 1557 of the Affordable Care Act. Section 1557 prohibits discrimination on the basis of race, color, national origin, sex, age, or disability in certain health programs or activities, and a final rule on Section 1557 is the subject of Plaintiffs' Administrative Procedure Act claims in this case. The anticipated rulemaking proceeding will provide for the reconsideration of many or all of the provisions of the current Section 1557 regulations that Plaintiffs challenge here. HHS anticipates issuing a Notice of Proposed Rulemaking as expeditiously as reasonably possible. An anticipated timeframe for issuing a Notice of Proposed Rulemaking must account for HHS's limited resources, including the heavy costs in terms of valuable time and effort expended on litigation that might otherwise be directed to the anticipated rulemaking.

2. ***May 10, 2021 Notice of Interpretation and Enforcement of Section 1557 of the Affordable Care Act and Title IX of the Education Amendments Act of 1972***

On May 10, 2021, HHS issued a notification to inform the public that, consistent with the Supreme Court's decision in *Bostock v. Clayton Cty.*, 140 S. Ct. 1731 (2020), and Title IX, HHS will interpret and enforce Section 1557's prohibition on discrimination on the basis of sex to include: (1) discrimination on the basis of sexual orientation; and (2) discrimination on the basis of gender identity. A copy of the notice is attached and it will be published in the Federal Register.

In light of Defendants' ongoing reassessment of the challenged rule and the developments discussed above, Defendants request that this case remain stayed and that the Court order the parties to file another joint status report in 90 days.

**II.     Plaintiffs' Position**

While Plaintiffs recognize that HHS's recent Notice likely impacts some aspects of their Administrative Procedure Act challenge to Defendants June 19, 2020 Rule interpreting Section 1557 of the Affordable Care Act (the "Rule"), Plaintiffs are concerned about a continued indefinite stay.

The Rule remains in effect, except for certain portions enjoined by other courts. *See Walker v. Azar*, 480 F. Supp. 3d 417 (E.D.N.Y. Aug. 17, 2020), *appeal docketed*, No. 20-3827 (2d Cir. Nov. 10, 2020); *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Human Servs.*, 485 F. Supp. 3d 1, (D.D.C. Sept. 2, 2020), *appeal docketed*, No. 20-5331 (D.C. Cir. Nov. 9, 2020). Those portions currently enjoined pertain to Defendants' previous interpretation of discrimination on the basis of sex under federal law and related provisions of the Rule. *See Walker v. Azar*, No. 20CV2834FBSMG, 2020 WL 6363970, at *4 (E.D.N.Y. Oct. 29, 2020) (clarifying that scope of court's preliminary injunction covers "the repeal of the 2016 Rule's definition of 'on the basis of sex,' 'gender identity,' and 'sex stereotyping' set forth in 45 C.F.R. § 92.4" and "the repeal of 45 C.F.R. § 92.206," which requires health providers to treat individuals consistent with their gender identity.); *Whitman-Walker*, 485 F. Supp. 3d 1, 64–65 (D.D.C. 2020) ("HHS will be preliminarily enjoined from enforcing the repeal of the 2016 Rule's definition of discrimination '[o]n the basis of sex' insofar as it includes "discrimination on the basis of ... sex stereotyping. . . . [and] from enforcing its incorporation of the religious exemption contained in Title IX.").

Defendants' Notice acknowledges their intent to comply with these orders,[2] but does nothing to address the remaining portions of the Rule, which include Plaintiffs' challenge to the Rule's exclusion of many health insurers from Section 1557's non-discrimination mandate, its

---

[2] Defendants' appeals of both preliminary injunctions remain pending. *See* No. 20-5331 (D.C. Cir. Nov. 9, 2020); No. 20-3827 (2d Cir. Nov. 10, 2020).

3

alterations to covered entities' responsibility to provide meaningful access to individuals with Limited English Proficiency, its incorporation of various exemptions from unrelated laws, and its elimination of non-discrimination requirements from other HHS regulations affecting a panoply of regulated entities. *See generally* ECF Nos. 108-111; 136-137. As explained in Plaintiffs' prior briefing, these provisions have caused and will likely continue to cause Plaintiffs to suffer: (1) administrative and regulatory costs; (2) additional investigation and enforcement costs; and (3) the burden of higher health care costs arising from adverse health impacts to their resident populations. *See generally* ECF No. 128.

Plaintiffs' claims have not been rendered moot by Defendants' recent actions, and Defendants' announcement of future rulemaking to be initiated at some yet-to-be-determined date does not provide sufficient clarity as to whether or how it will affect Plaintiffs' claims. Plaintiffs are concerned by the absence of further concrete details regarding Defendants' intention to promulgate rulemaking, including the scope and timing of such rulemaking.

In light of the above, Plaintiffs agree that this case should remain stayed for a limited period of time to permit HHS to make progress on initiating a rulemaking proceeding, but respectfully request that the Court order the parties to file another joint status report in 30 days.

Dated: May 14, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883
Washington, D.C. 20009

(202) 514-4964
Liam.C.Holland@usdoj.gov

*Counsel for Defendants*

LETITIA JAMES
*Attorney General of the State of New York*

By: /s/ Travis England
Travis W. England, *Assistant Attorney General*
Fiona J. Kaye, *Assistant Attorney General*
Marissa Lieberman-Klein
  *Special Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6233
Travis.England@ag.ny.gov

ROB BONTA
*Attorney General of California*

Renu R. George
  *Senior Assistant Attorney General*

Kathleen Boergers
  *Supervising Deputy Attorney General*

By: /s/ Neli Palma
Neli Palma,
  *Supervising Deputy Attorney General*
Lily Weaver,
  *Deputy Attorney General*
Martine D'Agostino,
  *Deputy Attorney General*
Office of the California Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
(916) 210-7522
Neli.Palma@doj.ca.gov

MAURA HEALEY
*Attorney General of Massachusetts*

By: /s/ Amanda Hainsworth
Amanda Hainsworth
  *Assistant Attorney General*
Kimberly A. Parr, *Assistant Attorney General*
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
(617) 963-2618
amanda.hainsworth@state.ma.us

*Counsel for Plaintiffs*

5