UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF HEALTH )<br>AND HUMAN SERVICES, *et al.*, )<br>)<br>Defendants. )<br>) | Case No. 1:20-cv-5583-AKH |

**JOINT MOTION FOR A STAY OF PROCEEDINGS AND TO HOLD THE PARTIES' MOTIONS IN ABEYANCE**

The parties respectfully request that the Court stay all proceedings in this matter and to hold all pending motions in abeyance until 30 days after the conclusion of the agency's rulemaking proceeding reconsidering the challenged rule.

**BACKGROUND**

This case concerns the validity of a final rule that HHS promulgated in 2020. The rule, entitled Nondiscrimination in Health and Health Education Programs or Activities, 85 Fed. Reg. 37,160 (June 19, 2020), implements Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116. In this case, Plaintiffs seek judicial review of the rule. On December 2, 2020, Defendants moved to dismiss for lack of subject matter jurisdiction and Plaintiffs moved for summary judgment on their Administrative Procedure Act claims.

After the parties completed briefing on their dispositive motions, on January 20, 2021, Joseph R. Biden, Jr. took office as President of the United States. That same day, the President issued Executive Order 13988: Preventing and Combating Discrimination on the Basis of Gender Identity or Sexual Orientation. 86 Fed. Reg. 7,023, 7,023 (Jan. 25, 2021) ("EO 13988"). In section 1, EO 13988 explained that "[u]nder *Bostock*'s reasoning, laws that prohibit sex discrimination— including Title IX of the Education Amendments of 1972, as amended . . . along with their respective implementing regulations—prohibit discrimination on the basis of gender identity or

sexual orientation, so long as the laws do not contain sufficient indications to the contrary." *Id*. Section 1 further explained that "[i]t is the policy of [the Biden] Administration to prevent and combat discrimination on the basis of gender identity or sexual orientation, and to fully enforce Title VII and other laws that prohibit discrimination on the basis of gender identity or sexual orientation." *Id*. Section 2 of EO 13988 required "[t]he head of each agency" to "consider whether to . . . promulgate new agency actions, as necessary to fully implement statutes that prohibit sex discrimination and the policy set forth in section 1 of th[e] order." *Id*. at 7,023-24.

On January 20, 2021, President Biden also issued Executive Order 13985: Advancing Racial Equity and Support for Underserved Communities Through the Federal Government. 86 Fed. Reg. 7,009, 7,009 (Jan. 25, 2021) ("EO 13985"). In section 1, EO 13985 explained that it is "the policy of [the Biden] Administration that the Federal Government should pursue a comprehensive approach to advancing equity for all, including people of color and others who have been historically underserved, marginalized, and adversely affected by persistent poverty and inequality." *Id*. Section 1 further provided that "each agency must assess whether, and to what extent, its programs and policies perpetuate systemic barriers to opportunities and benefits for people of color and other underserved groups." *Id*.

On and after January 20, 2021, new leadership also began arriving at HHS. Recognizing that "[a] change in administration brought about by the people casting their votes is a perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations," *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1043 (D.C. Cir. 2012) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 59 (1983) (Rehnquist, J., concurring in part and dissenting in part)), new HHS leadership began to reconsider the challenged rule on its own initiative, Unopposed Motion to Stay Proceedings, ECF No. 139, ¶¶ 3, 4. Because of the need to respect the integrity of the administrative process, "when an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency." *Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962). And on February 10, 2021, Defendants did just that, moving the Court to

"stay further district court proceedings pending the new administration's review of this litigation and the rule being challenged because that review may result in changes that render it unnecessary for the court to resolve the jurisdictional and merits issues presented in this case or, at the very least, narrow those issues significantly." Unopposed Motion for a Stay of Proceedings, ECF No. 139, at ¶ 4.[1] On February 18, 2021, the Court issued an Order Granting Unopposed Motion to Stay Proceedings, staying proceedings in this case until May 14, 2021, and ordering the parties to file a joint status report on that date. ECF No. 141.

In the Joint Status Report, HHS reported that it intends to initiate a rulemaking proceeding on Section 1557, which will provide for the reconsideration of many or all of the provisions of the Section 1557 regulations that Plaintiffs challenge here. ECF No. 142 at 2. HHS also reported that, on May 10, 2021, it issued a Notification of Interpretation and Enforcement of Section 1557 providing that the agency will interpret and enforce Section 1557's prohibition on discrimination on the basis of sex to include (1) discrimination on the basis of sexual orientation and (2) discrimination on the basis of gender identity. *See* ECF No. 142 at 2; ECF No. 142-1. Plaintiffs stated that HHS's recent Notice likely impacts some aspects of the Administrative Procedure Act challenge. ECF No. 142 at 3.

Since the Joint Status Report, HHS has been working diligently and making further progress in its reconsideration of the 2020 Rule. Pursuant to Executive Order 12250, the Civil Rights Division of the Department of Justice has been closely collaborating with the HHS Office for Civil Rights as part of those efforts. The HHS Office for Civil Rights has also held a listening session with stakeholders to consider specific recommendations for the new rule. HHS can now report that, as reflected in the 2021 Spring Unified Agency of Federal Regulatory and Deregulatory Actions, the agency anticipates a Notice of Proposed Rulemaking to be issued no later than April

---

[1] The functional distinction between a stay and remand is that the Court does not retain jurisdiction when a matter is remanded to the agency. *Cf.* D.C. Cir. Rule 41(b) ("If the case is remanded, this court does *not* retain jurisdiction, and a new . . . petition for review will be necessary if a party seeks review of the proceedings conducted on remand." (emphasis added))

3

2022. The agency's reconsideration of the 2020 Rule as part of its ongoing rulemaking efforts will ensure consistency with the President's policies.

## DISCUSSION

Agencies have inherent authority to reconsider past decisions and to revise, replace, or repeal a decision to the extent permitted by law and supported by a reasoned explanation, *FCC v. Fox Television Stations, Inc.*, 556 U.S. 503, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983), including the authority to correct or modify a prior rule by selecting a new policy in the range of those that lie "within the bounds of reasonable interpretation," *see City of Arlington v. FCC*, 569 U.S. 290, 296 (2013). Further, an agency's regulations implementing a statute it administers are not "carved in stone" but must be evaluated "on a continuing basis," for example, "in response to . . . a change in administrations." *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) (internal quotation marks and citations omitted). "A change in administration brought about by the people casting their votes is a perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its program and regulations. . . . [I]t is entitled to assess administrative records and evaluate priorities in light of the philosophy of the administration." *Nat'l Ass'n of Home Builders*, 682 F.3d at 1043 (quotation omitted).

"[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency[.]" *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 n.3 (D.C. Cir. 1993) (quoting *Anchor Line Ltd.*, 989 F.2d at 125). Courts may defer judicial review of a final rule pending completion of agency reconsideration proceedings. *See, e.g.,* Per Curiam Order, *West Virginia v. EPA,* No. 15-1363 (and consolidated cases) (D.C. Cir. Apr. 27, 2017) Document #1673071 (granting EPA's motion to hold challenges to Clean Power Plan in abeyance pending reconsideration); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382 (D.C. Cir. 2012); *Belmont Abbey Coll. v. Sebelius*, 878 F. Supp. 2d 25, 38-39 (D.D.C. 2012). *Cf. Occidental Chemical Corp. v. FERC*, 869 F.2d 127, 129 (2d Cir. 1989) (deferring judicial review of a final order pending completion of reconsideration in the context of a parallel rulemaking).

4

With these principles in mind, and based on recent developments, a stay of proceedings and an order holding all pending motions in abeyance is warranted in this case. The President has directed agencies to access whether, and to what extent, its programs and policies perpetuate systemic barriers to opportunities and benefits for people of color and other underserved groups. EO 13985 § 1. The President has further directed agencies to consider whether to take agency action, including revision or promulgation of rules, to "fully implement statutes that prohibit sex discrimination" and the policy that "people should be able to access healthcare . . . without being subject to sex discrimination," including discrimination against individuals because of their sexual orientation or gender identity. EO 13988 §§ 1, 2(b). In accordance with these directives, HHS has completed an initial review of the challenged rule, and determined that a rulemaking process to revise the rule is warranted. *See* ECF No. 142 at 2. This action is reflected in the 2021 Spring Unified Agenda of Federal Regulatory and Deregulatory Actions with an anticipated NPRM to be issued no later than April 2022. Thus, "[i]t would hardly be sound stewardship of judicial resources to decide this case now." *Am. Petroleum Inst.*, 683 F.3d at 388. Abeyance would allow HHS to "apply its expertise and correct any errors, preserve[] the integrity of the administrative process, and prevent[] piecemeal and unnecessary judicial review," *id.*, while furthering the policies set forth in EO 13985 and EO 13988, as consistent with Section 1557 of the Affordable Care Act. The parties agree that their dispute is better addressed in the context of HHS's reconsideration of the 2020 Rule than before this Court. *See B.J. Alan Co. v. ICC*, 897 F.2d 561, 562 n.1 (D.C. Cir. 1990) (quoting *Pennsylvania v. ICC*, 590 F.2d 1187, 1194 (D.C. Cir. 1978)) ("Administrative reconsideration is a more expeditious and efficient means of achieving an adjustment to agency policy than is resort to the federal courts.").

## CONCLUSION

The parties respectfully request that this Court stay proceedings in this case and hold all motions in abeyance while the agency reconsiders the challenged rule, and that the stay remain in place until 30 days after the conclusion of the agency's rulemaking, with the parties to file a joint proposed schedule to address any necessary further proceedings upon expiration of the stay period.

5

Dated: August 23, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883
Washington, D.C. 20009
(202) 514-4964
Liam.C.Holland@usdoj.gov

*Counsel for Defendants*

LETITIA JAMES
*Attorney General of the State of New York*

By: */s/ Travis England*
Travis W. England, *Deputy Bureau Chief, Civil Rights Bureau*
Fiona J. Kaye, *Assistant Attorney General*
Marissa Lieberman-Klein
*Special Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6233
Travis.England@ag.ny.gov

| | |
|---|---|
| ROB BONTA<br>*Attorney General of California* | MAURA HEALEY<br>*Attorney General of Massachusetts* |
| Renu R. George<br>  *Senior Assistant Attorney General* | By: */s/ Amanda Hainsworth*<br>Amanda Hainsworth<br>  *Assistant Attorney General* |
| Kathleen Boergers<br>  *Supervising Deputy Attorney General* | Kimberly A. Parr, *Assistant Attorney General*<br>Office of the Massachusetts Attorney General<br>One Ashburton Place, 18th Floor |
| By: */s/ Neli Palma*<br>Neli Palma,<br>  *Supervising Deputy Attorney General*<br>Lily Weaver,<br>  *Deputy Attorney General*<br>Martine D'Agostino,<br>  *Deputy Attorney General*<br>Office of the California Attorney General<br>1300 I Street, Suite 125<br>P.O. Box 944255<br>Sacramento, CA 94244-2550<br>(916) 210-7522<br>Neli.Palma@doj.ca.gov | Boston, Massachusetts 02108<br>(617) 963-2618<br>amanda.hainsworth@state.ma.us |
| | *Counsel for Plaintiffs* |