UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF HEALTH AND HUMAN SERVICES,<br>*et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:20-cv-5583-AKH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANTS'
ASSERTION OF MOOTNESS</u>**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 1

ARGUMENT .................................................................................................................................... 1

CONCLUSION ................................................................................................................................. 6

## INTRODUCTION

On May 6, 2024, the United States Department of Health and Human Services ("HHS") promulgated a new final rule implementing Section 1557 of the Affordable Care Act. *Nondiscrimination in Health Programs and Activities*, 89 Fed. Reg. 37,522 (May 6, 2024) (the "2024 Rule"). The 2024 Rule revises and supersedes the agency's prior regulations implementing Section 1557, which Plaintiffs challenge in this lawsuit (the "2020 Rule"). It is "a perfectly uncontroversial and well-settled principle of law," *Akiachak Native Cmty. v. U.S. Dep't of the Interior*, 827 F.3d 100, 113 (D.C. Cir. 2016), that when "the law that is the basis for the complaint has been replaced by a new law during the case's pendency," the case is moot, *Am. Coll. of Pediatricians v. Becerra ("ACP")*, No. 23-5053, 2024 WL 3206579, at *2 (6th Cir. June 27, 2024) (per curiam). Because the 2024 Rule renders Plaintiffs' claims challenging the 2020 Rule moot, the Court should dismiss this case without prejudice.

## BACKGROUND

Plaintiffs, twenty-three states, challenge a rule promulgated by HHS in 2020 to implement Section 1557. They allege that provisions of the 2020 Rule violate the Administrative Procedure Act and the Constitution. On February 3, 2022, the Court issued an order staying proceedings while the agency conducted new rulemaking. ECF No. 148.

HHS published a new final rule implementing Section 1557 on May 6, 2024. *Nondiscrimination in Health Programs and Activities*, 89 Fed. Reg. 37,522 (May 6, 2024). The 2024 Rule revises and supersedes the 2020 Rule in its entirety. *Id*. On July 30, 2024, this Court ordered the parties to submit briefs addressing whether this case is moot. ECF No. 179.

## ARGUMENT

The Court should dismiss this action as moot because the 2020 Rule that Plaintiffs challenge has been replaced. Because federal courts "do not render advisory opinions," *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (citation omitted), "Plaintiffs must maintain their personal interest in the dispute at all stages of litigation," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431

1

(2021). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or when the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Thus, "[a] case becomes moot 'when it is impossible for the court to grant any effectual relief whatever to the prevailing party.'" *Conn. Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 444 (2d Cir. 2021) (quoting *Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 319 (2d Cir. 2020)). A case is also "moot when, even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable." *In re Chateaugay Corp.*, 988 F.3d 322, 325 (2d Cir. 1993) (citing *In re AOV Indus., Inc.*, 792 F.2d 1140, 1147 (D.C. Cir. 1986)). "Even when the moving party is not entitled to dismissal on article III grounds, common sense or equitable considerations may justify a decision not to decide a case on the merits." *In re AOV*, 792 F.2d at 1147. "Determinations of mootness in this latter sense . . . require a case-by-case judgment regarding the feasibility or futility of effective relief should a litigant prevail." *Id*. at 1147-48. Alternatively, a case is moot when "the defendant's conduct has been sufficiently altered so as to present a substantially different controversy from the one that existed when suit was filed." *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016) (cleaned up).

Consistent with these principles, courts have confirmed that an agency's amendment or repeal of a challenged regulation renders a lawsuit challenging the original regulation moot. *Alaska v. U.S. Dep't of Agric.*, 17 F.4th 1224, 1226 (D.C. Cir. 2021) ("A 'well-settled principle of law' is this: 'when an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot.'" (citation omitted)); *Ozinga v. Price*, 855 F.3d 730, 734 (7th Cir. 2017) ("When a plaintiff's complaint is focused on a particular statute, regulation, or rule and seeks only prospective relief, the case becomes moot when the government repeals, revises, or replaces the challenged law[.]"); *Akiachak Native Cmty*, 827 F.3d at 113-14 (collecting cases); *Am. Freedom Def. Initiative*, 815 F.3d at 109-11 (transportation authority's

2

formal amendment of challenged advertising regulations rendered case moot); *Gulf of Me. Fisherman's All. v. Daley*, 292 F.3d 84, 88 (1st Cir. 2002) ("The promulgation of new regulations and amendment of old regulations are among such intervening events as can moot a challenge to the regulation in its original form."); *Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50, 58-61 (2d Cir. 1992) (state agency's promulgation of regulations rendered case moot); *Deide v. Day*, No. 23-cv-3954 (NSR), 2024 WL 3471294, at *4 (E.D.N.Y. July 19, 2024); *New York v. Raimondo*, No. 1:19-cv-09380-MKV, 2021 WL 1339397, at *2 (S.D.N.Y. Apr. 9, 2021).

In June, the Sixth Circuit applied these well-settled principles to hold that another lawsuit against HHS involving its implementation and enforcement of Section 1557 was mooted by the agency's promulgation of the 2024 Rule. *ACP*, 2024 WL 3206579, at *1. In 2021, after the 2020 Rule at issue in this case was promulgated, HHS notified the public of its intention to "interpret and enforce Section 1557's prohibition on discrimination on the basis of sex to include: (1) [d]iscrimination on the basis of sexual orientation; and (2) discrimination on the basis of gender identity." *Notification of Interpretation and Enforcement of Section 1557 of the Affordable Care Act*, 86 Fed. Reg. 27,984, 27,985 (May 25, 2021). The Sixth Circuit held that the *ACP* plaintiffs' challenge to that notice was rendered moot by the 2024 Rule's promulgation. *ACP*, 2024 WL 3206579, at *1. The court explained that since issuing the 2021 notice, HHS "wiped the slate clean on Section 1557" by "promulgat[ing] a new rule to replace its prior interpretations of Section 1557." *Id*. The Sixth Circuit concluded that "the law that is the basis for the complaint has been replaced by a new law during the case's pendency," rendering the case moot. *Id*. at *2.

The Sixth Circuit's reasoning applies with even greater force to Plaintiffs' challenge to provisions of the 2020 Rule, which predates the notice at issue in *ACP*. The 2024 Rule "wipe[s] the slate clean on Section 1557," *id*. at *1; "deal[s] with the problem afresh," *see Biden v. Texas*, 597 U.S. 785, 808 (2022) (citation omitted); and supersedes the 2020 Rule. Plaintiffs' challenges to the 2020 Rule attack provisions that the 2020 Rule had inserted in 45 C.F.R. pt. 92, but the 2024 Rule rescinds and replaces 45 C.F.R. pt. 92 in its entirety. And the revised provisions in the 2024 Rule are consistent with Plaintiffs' view of the law. *Compare* 89 Fed. Reg. at 37,693-702, *with*

3

ECF No. 109 at 27-70, *and* ECF No. 138 at 6-29.  Thus, Plaintiffs' request for equitable relief against HHS with respect to provisions of the 2020 Rule is moot.  By promulgating the 2024 Rule, HHS has given Plaintiffs the relief sought in their Complaint.  To the extent any Plaintiff believes that it faces an Article III injury from enforcement of any provision of the 2024 Rule and that any such provision of the 2024 Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, that Plaintiff can file a new lawsuit challenging the 2024 Rule under the APA.  *See Raimondo*, 2021 WL 1339397, at *3.  And now that the 2024 Rule has been promulgated, HHS may not amend, modify, or repeal it without another round of notice and an opportunity for public comment.  *Humane Soc'y of the U.S. v. U.S. Dep't of Agric.*, 41 F.4th 564, 568 (D.C. Cir. 2022). *rh'g denied by*, 54 F.4th 733 (D.C. Cir. 2022).

Nor is there a live controversy between adverse parties in this case based on Plaintiffs' speculation and fears about the outcome of any lawsuits others have brought[1] or might bring in the future to challenge the 2024 Rule.  HHS has already given "plaintiffs what they sought"—promulgation of the 2024 Rule—"and this case is therefore moot."  *See Miller v. Benson*, 68 F.3d 163, 165 (7th Cir. 1995).  To the extent Plaintiffs are concerned about the outcome of suits challenging the 2024 Rule, Plaintiffs could present their arguments as an amicus supporting the Government in any of those ongoing cases.  Plaintiffs "are entitled to present their arguments to th[ose] forum[s]."  *See id*. at 164.  But "[i]t would hardly be appropriate to retain [this case] on the docket to permit the plaintiffs a form of collateral attack on [another court's] decision, should their fears about the course of that litigation be realized."  *Id*. at 165.  *See Citizens for Responsible Gov't State Pol. Action Comm. v. Davidson*, 236 F.3d 1174, 1184 (10th Cir. 2000); *Raimondo*, 2021 WL 1339397, at *2; *Georgia v. Wheeler*, No. 2:15-cv-00079, 2020 WL 6948800, at *3 (S.D. Ga. Jan. 3, 2020).  Neither Article III nor sound judicial discretion permit Plaintiffs to use this case—where

---

[1] Provisions of the 2024 Rule have been challenged in six lawsuits.  *Florida v. HHS*, No. 8:24-cv-1080 (M.D. Fla.); *Texas v. Becerra*, No. 6:24-cv-211 (E.D. Tex.); *Tennessee v. Becerra*, No. 1:24-cv-161 (S.D. Miss.); *McComb Children's Clinic, Ltd. v. Becerra*, No. 5:24-cv-48 (S.D. Miss.); *Cath. Benefits Assoc. v. Becerra*, No. 3:23-cv-203 (D.N.D.); *Missouri v. Becerra*, No. 4:24-cv-00937 (E.D. Mo.).

4

the parties lack any ongoing controversy—to obtain an advisory opinion that HHS's arguments in other courts in defense of provisions of the 2024 Rule are correct.

The fact that several district courts have entered preliminary relief against HHS preventing the agency from enforcing the 2024 Rule against certain entities that are not parties to this case does not change the mootness analysis.[2] "[T]hose who are subject to the commands of an injunctive order must obey those commands, notwithstanding eminently reasonable and proper objections to the order, until it is modified or reversed." *Pasadena City Bd. of Educ. v. Spangler*, 427 U.S. 424, 439-40 (1976). Defendants' obligation not to violate other courts' injunctions does not translate into a substantial controversy between the parties in this case—all parties here agree that Section 1557 should be enforced in a manner consistent with the 2024 Rule. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70-71 (1983) (case mooted after injury no longer turned on defendants' conduct); *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982) (Courts "do not sit to . . . give advisory opinions about issues as to which there are not adverse parties[.]"). Nor may this Court issue relief that requires Defendants to act in a manner that is directly contrary to Defendants' obligations under other courts' injunctive orders. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) ("collateral[] attack" on another court's injunction would "seriously undercut[] the orderly process of the law"); *Miller*, 68 F.3d at 165 ("collateral attack" on decision addressing enforcement of superseding statute unavailable). In any event, no court has issued a

---

[2] *See Texas v. Becerra*, --- F. Supp. 3d ---, 2024 WL 3297147, at *12 (E.D. Tex. July 3, 2024); *Tennessee v. Becerra*, --- F. Supp. 3d ---, 2024 WL 3283887, at *14 (S.D. Miss. July 3, 2024); *Florida v. HHS*, --- F. Supp. 3d ---, 2024 WL 3537510, at *20-21 (M.D. Fla. July 3, 2024). In addition to court orders issued since the 2024 Rule was promulgated, HHS is subject to a declaratory judgment that applies to a certified class of "[a]ll health-care providers subject to Section 1557 of the Affordable Care Act ('ACA')[,]" Order at 1, *Neese v. Becerra*, No. 2:21-cv-00163-Z (N.D. Tex. Nov. 22, 2022), ECF No. 70, and provides that "Section 1557 of the ACA does not prohibit discrimination on account of sexual orientation and gender identity," Final Judgment at 1, *Neese v. Becerra*, No. 2:21-cv-00163-Z (N.D. Tex. Nov. 22, 2022), ECF No. 71. The Government's appeal of the district court's final judgment in *Neese* is pending before the Fifth Circuit. But as long as it remains valid, the *Neese* judgment "conclusively resolves" the issue as between HHS and health care provider class members. *Haaland v. Brackeen*, 599 U.S. 255, 293 (2023).

5

merits decision in a case challenging any part of the 2024 Rule, much less determined what the appropriate remedy would be if a court were to determine that the 2024 Rule is unlawful in some way. Mootness cannot be overcome by "mere speculation[,]" *Dennin v. Conn. Interscholastic Athletic Conf., Inc.*, 94 F.3d 96, 101 (2d Cir. 1996), and "[i]t is just not possible for a litigant to prove in advance that the judicial system will lead to any particular result in [a] case," *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 413-14 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 159-60 (1990)).

## CONCLUSION

HHS has promulgated a rule that replaces all of the provisions of the 2020 Rule that Plaintiffs challenge in this case. Accordingly, Plaintiffs' challenge to the 2020 Rule is moot, and this case should be dismissed without prejudice.

Dated: August 22, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Attorneys for Defendants*