UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, STATE OF CALIFORNIA, COMMONWEALTH OF MASSACHUSETTS, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF MAINE, STATE OF MARYLAND, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH CAROLINA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, STATE OF RHODE ISLAND, STATE OF VERMONT, and STATE OF WISCONSIN,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>        Defendants. | Civil Action No. 1:20-cv-5583-AKH |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' ASSERTION OF MOOTNESS**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 3

    A.    The 2016 Rule ............................................................................................................. 3

    B.    The 2020 Rule and Plaintiffs' Claims in the Instant Litigation ........................... 4

    C.    The 2024 Rule ............................................................................................................. 6

    D.    Federal Court Orders Staying or Enjoining Provisions of the 2024 Rule ............. 7

LEGAL STANDARD ................................................................................................................ 8

ARGUMENT .............................................................................................................................. 9

CONCLUSION ......................................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akiachak Native Cmty. v. U.S. Dep't of the Interior*,
  827 F.3d 100 (D.C. Cir. 2016) ............................................................................................. 12

*Alaska v. U.S. Department of Agriculture*,
  17 F.4th 1224 (D.C. Cir. 2021) ............................................................................................ 11

*Am. Freedom Def. Initiative v. Metro. Transp. Auth.*,
  815 F.3d 105 (2d Cir. 2016) ................................................................................................. 12

*American College of Pediatrics v. Becerra*,
  No. 23-5053, 2024 WL 3206579 (5th Cir. Jun. 27, 2024) ............................................... 11-12

*City of Mesquite v. Aladdin's Castle, Inc.*,
  455 U.S. 283 (1982) .............................................................................................................. 12

*Deide v. Day*,
  No. 23-cv-3954, 2024 WL 3471294 (S.D.N.Y. July 19, 2024) ............................................. 12

*Etuk v. Slattery*,
  936 F.2d 1433 (2d Cir. 1991) ................................................................................................. 9

*Florida v. Dep't of Health & Human Services*,
  8:24-cv-1080-WFJ-TGW, 2024 WL 3537510 (M.D. Fla. Jul. 3, 2024) ............................. 7-8

*Franciscan All., Inc. v. Becerra*,
  47 F.4th 368 (5th Cir. 2022) ................................................................................................... 4

*Franciscan Alliance, Inc. et al v. Azar et al*,
  No. 7:16-cv-00108 (N.D. Tex. Nov. 21, 2019) ...................................................................... 4

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ................................................................................................................ 9

*Gulf of Me. Fisherman's All. v. Daley*,
  292 F.3d 84 (1st Cir. 2002) .................................................................................................. 12

*Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*,
  981 F.2d 50 (2d Cir. 1992) ................................................................................................... 12

*MOAC Mall Holdings LLC v. Transform Holdco LLC*,
   598 U.S. 288 (2023)..........................................................................................................9

*Nat'l Ass'n of Mfrs. v. Dep't of Def.*,
   583 U.S. 109 (2018).............................................................................................. 9, 12-13

*New York v. Raimondo*,
   No. 19-cv-09380-MKV, 2021 WL 1339397 (S.D.N.Y. Apr. 9, 2021)...............................12

*Ohio v. EPA*,
   969 F.3d 306 (6th Cir. 2020) .............................................................................................9

*Ozinga v. Price*,
   855 F.3d 730 (7th Cir. 2017) ...........................................................................................11

*Srour v. New York City*,
   --- F.4th ----, 2024 WL 4112342 (2d Cir. 2024)...............................................................8

*Tennessee v. Becerra*,
   No. 1:24cv161-LG-BWR, 2024 WL 3283887 (S.D. Miss. Jul. 3, 2024) ..................................7

*Texas v. Becerra*,
   No. 6:24-cv-211-JDK, 2024 WL 3297147 (E.D. Tex. Jul. 3, 2024) .........................................7

*Walker v. Azar*,
   480 F. Supp. 3d 417 (E.D.N.Y. 2020) ...............................................................................5

*Walker v. Azar*,
   No. 20-cv-2834, 2020 WL 6363970 (E.D.N.Y. Oct. 29, 2020) ................................................5

*Whitman-Walker Clinic, Inc. v. Dep't of Health & Human Services*,
   485 F. Supp. 3d 1 (D.D.C. 2020).......................................................................................5

**Federal Statutes**

42 U.S.C.
   §§ 18001-18122 ...........................................................................................................3, 11
   § 18116.................................................................................................................... passim
   § 18116(a) ......................................................................................................................3, 8
   § 18116(c) .........................................................................................................................3

**Federal Regulations**

42 C.F.R.
    § 438.3 ..................................................................................................................... 5-8
    § 438.206 ................................................................................................................. 5-7
    § 440.262 ................................................................................................................. 5, 7
    § 460.98 ................................................................................................................... 5, 7
    § 460.112 ................................................................................................................. 5, 7

45 C.F.R.
    § 92 ............................................................................................................................. 4
    § 92.3(c) ...................................................................................................................... 5
    § 92.4 ...................................................................................................................... 4, 7
    § 92.5 .......................................................................................................................... 8
    §§ 92.5-10 ................................................................................................................... 7
    § 92.6 .......................................................................................................................... 5
    § 92.101 ................................................................................................................... 5-8
    § 92.201 .................................................................................................................. 4, 6
    § 92.206 ........................................................................................................... 4-5, 7-8
    §§ 92.206-211 ............................................................................................................. 7
    § 92.207 ................................................................................................................ 4, 6-8
    § 92.301 ...................................................................................................................... 7
    §§ 92.303-304 ............................................................................................................ 7
    § 147.104(e) ............................................................................................................... 5
    § 155.120(c)(ii) .......................................................................................................... 5
    § 155.220(j)(2)(i) ....................................................................................................... 5
    § 156.200(e) ............................................................................................................... 5
    § 156.1230(b)(2) ........................................................................................................ 5

*Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority*, 85 Fed. Reg. 37,160 (June 19, 2020) ................................................................. 1, 4-5

*Nondiscrimination in Health Programs and Activities*, 81 Fed. Reg. 31376 (May 18, 2016) ........................................................................................................................................ 3-4

*Nondiscrimination in Health Programs and Activities*, 89 Fed. Reg. 37,522 (May 6, 2024) .................................................................................................................. 2, 6-7, 10

**Other Authority**

*Section 1557 of the Patient Protection and Affordable Care Act,* U.S. DEP'T OF HEALTH AND HUMAN SERVICES, https://www.hhs.gov/civil-rights/for-individuals/section-1557/index.html (last visited Oct. 15, 2024) .......................................................................... 10

## INTRODUCTION

In July 2020, Plaintiffs—twenty-one states and the District of Columbia[1]—sued the U.S. Department of Health and Human Services ("HHS"), its Secretary, and the Director of HHS's Office for Civil Rights ("OCR"), challenging the legality of a regulation that rescinded prior interpretations of the scope of critical nondiscrimination protections under Section 1557 of the Affordable Care Act, 42 U.S.C. §18116 ("Section 1557" or the "statute"). *See* Complaint, ECF No. 1. That regulation, *Nondiscrimination in Health and Health Education Programs or Activities, Delegation of Authority*, 85 Fed. Reg. 37,160 (June 19, 2020) ("2020 Rule"), among other things, reversed the federal government's prior position that the statute forbade discrimination against transgender people and women and others seeking reproductive health care, implemented broad religious exemptions found nowhere in the text of the statute, undid a range of protections to ensure health care access for individuals with limited English proficiency ("LEP"), and significantly narrowed the scope of entities covered by the statute. *See generally* ECF Nos. 1, 108-111. Plaintiffs alleged that the 2020 Rule violates the Administrative Procedure Act ("APA") because it is contrary to law, exceeds Defendants' statutory authority, and is arbitrary and capricious, and that it violates Equal Protection. *See id*.

Plaintiffs alleged that the 2020 Rule's erroneous interpretation of federal law, as well as the significant limitations it placed on HHS's authority to enforce it, substantially harms their proprietary, sovereign, and quasi-sovereign interests. *See* Pls.' Resp. in Opp. to Mot. to Dismiss, ECF No. 128, at 5-18; *see also* Compl., ECF No. 1, at ¶¶ 175-206, 207-21, 222-56. Plaintiffs alleged that the 2020 Rule, among other harms, causes Plaintiffs: to incur significant administrative costs to address both its revised interpretation of federal law and its

---

[1] Former Plaintiff Commonwealth of Virginia has since voluntarily dismissed its claims from this litigation. ECF No. 189.

1

inconsistencies with different requirements under state laws; to expend additional resources in civil rights enforcement where certain complaints of discrimination would no longer be pursued by HHS; and to bear additional expenses from harms to public health due to increased discrimination in the health care system. *Id*. All of these harms, Plaintiffs alleged, could be redressed by an order from this Court declaring the 2020 Rule in violation of federal law and enjoining its enforcement. *See id*.

In May 2024, HHS published in the federal register a new regulation, *Nondiscrimination in Health Programs and Activities*, 89 Fed. Reg. 37,522 (May 6, 2024) ("2024 Rule") that purports to substantially restore HHS's interpretation of the statute that preceded the 2020 Rule. Now, Defendants argue that this case is moot, asserting that the 2024 Rule "revises and supersedes" the 2020 Rule. ECF No. 180. But Defendants' brief disregards the plain text of the 2024 Rule, which explicitly states that the 2020 Rule "remains in effect until the effective date" of the 2024 Rule (89 Fed. Reg. 37,525), and accordingly downplays the effect of other pending lawsuits that have stayed the effective date or otherwise enjoined critical parts of the 2024 Rule, including parts that purport to "revise and supersede" provisions of the 2020 Rule that Plaintiffs challenge here. These litigations have halted HHS's revised interpretation of sex-based discrimination under Section 1557 to include discrimination on the basis of gender identity, and keep in place a variety of other related provisions from the 2020 Rule. As a result, the 2020 Rule's impact persists across the nation and will continue to injure Plaintiffs. Accordingly, Defendants' promulgation of the 2024 Rule does not moot Plaintiffs' claims and relief from this Court remains warranted.

**BACKGROUND**

In 2010, Congress enacted the Affordable Care Act ("ACA") to expand health insurance coverage, reduce costs of health care services, and eliminate discriminatory practices that had historically presented barriers to accessing health care. Pub. L. No. 111-148, 124 Stat. 119 (codified at 42 U.S.C. §§ 18001-18122 (2010)). Section 1557 of the ACA expressly prohibits discrimination based on race, color, national origin, sex, disability, and age in health programs and activities receiving federal financial assistance and federal agencies administering health programs. *Id*. at § 18116(a). The statute authorizes the Secretary of HHS to promulgate regulations implementing it, *id*. at § 18116(c) and, in less than a decade, HHS has promulgated three sets of regulations interpreting Section 1557 in different ways.

    **A.  The 2016 Rule**

In May 2016, HHS published in the federal register *Nondiscrimination in Health Programs and Activities*, 81 Fed. Reg. 31376 (May 18, 2016) ("2016 Rule"). In promulgating the 2016 Rule, HHS cited substantial evidence of widespread health discrimination and related harms to individuals and the public, including transgender people and women and others seeking reproductive health care, and individuals with LEP. *See id.* at 31,459-61. Based on these findings, HHS projected that enforcing Section 1557 through the 2016 Rule would increase access to care, reduce health disparities, and reduce public health costs, among other benefits. *Id.* at 31,460-61. HHS therefore established certain definitions and requirements to carry out the statute's non-discrimination mandate, the most salient of which included:

- Defining discrimination "on the basis of sex" to include, in accordance with case law, "discrimination on the basis of pregnancy, false pregnancy, termination of pregnancy, or recovery therefrom, childbirth or related medical conditions, sex stereotyping, and gender

3

identity." *Id.* (formerly codified as 45 C.F.R. § 92.4 (May 18, 2016)); *see also id.* at 31,384-85, 31,387-88, 31,467.[2]

- Specifying prohibited conduct against transgender people that constitutes unlawful sex-based discrimination by covered health programs and activities and health insurers. *Id.* at 31,471-72 (former §§ 92.206-207).

- Establishing prescriptive language access requirements to ensure nondiscriminatory access to health services for LEP individuals. *Id.* at 31,410-11 (former § 92.201).

- Clarifying that Section 1557 broadly applies to all health programs and activities receiving federal financial assistance or that are administered by federal agencies, including health providers and insurers. *Id.* at 31,466-67 (former § 92.4).

### B. The 2020 Rule and Plaintiffs' Claims in the Instant Litigation

The 2020 Rule eliminated or reversed these definitions and requirements. *See generally* 85 Fed. Reg. 37,160 (June 19, 2020). Shortly after its publication, Plaintiffs brought suit alleging Defendants violated the APA and the U.S. Constitution in promulgating the 2020 Rule. *See* ECF No. 1. Plaintiffs' claims focused primarily on five significant deviations from the 2016 Rule implemented by the 2020 Rule:

- Its recission of the definition of discrimination "on the basis of sex," 81 Fed. Reg. at 31,467 (formerly codified as 45 C.F.R. § 92.4 (May 18, 2016)), the removal of requirements that covered health programs and activities generally treat transgender people consistent with their gender identity, *id.* at 31,471 (former § 92.206), and the elimination of express prohibitions on insurance discrimination against transgender people, *id*. at 31,471-72 (formerly codified as 45 C.F.R. § 92.207(b)(3)-(5)). *See* ECF No. 1, ¶¶ 86, 89-95, 257-65, 272-84.

---

[2] The 2016 Rule's interpretation of sex-based discrimination (former 45 C.F.R. § 92.4) was partially vacated. In 2019, the U.S. District Court for the Northern District of Texas vacated the 2016 Rule insofar as it defined discrimination "on the basis of sex" to include "gender identity" or "termination of pregnancy" and permanently enjoined HHS from enforcing these interpretations of the statute as to the three private religious health care providers who were plaintiffs in that case. Order at 2, *Franciscan Alliance, Inc. et al v. Azar et al*, No. 7:16-cv-00108 (N.D. Tex. Nov. 21, 2019). The court left the remainder of 45 C.F.R. § 92 in effect. *Id.* On appeal in 2022, the Fifth Circuit Court of Appeals held that vacatur in place, reasoning that other litigation challenging the 2020 Rule could "reanimate" these provisions of the 2016 Rule. *Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 375 (5th Cir. 2022). Further, the Fifth Circuit upheld the district court's permanent injunction as to HHS's enforcement of Section 1557 regarding the three plaintiffs in that case. 47 F.4th at 373.

- Its removal of nondiscrimination protections from ten Centers for Medicare & Medicaid Services ("CMS") regulations that had included express prohibitions on sexual orientation and gender identity discrimination. 85 Fed. Reg. at 37,162[3] *See* ECF No. 1, ¶¶ 44-46.

- Its adoption of religious exemptions and the "abortion neutrality" provision from Title IX that permit religiously affiliated providers, health systems, and insurers to deny care and coverage despite such exemptions appearing nowhere in the text of Section 1557. *Id.* at 37,208 (former § 92.6).

- Its removal of the 2016 Rule's detailed and prescriptive language access requirements that had implemented the statute's prohibition on national origin discrimination. *Id.* at 37,245-46 (former § 92.101).

- Its redefinition of "health program or activity" that excluded many private health insurers, as well as HHS-operated health programs and activities, from the scope of entities subject to Section 1557. *See id.* at 37,244-45 (former § 92.3(c)).

In 2020, two district courts issued preliminary injunctions reinstating the 2016 Rule's definition of discrimination "on the basis of sex" to include "gender identity" and "sex stereotyping." *See Walker v. Azar*, 480 F. Supp. 3d 417, 430 (E.D.N.Y. 2020); *see also Whitman-Walker Clinic, Inc. v. Dep't of Health & Human Services*, 485 F. Supp. 3d 1, 61 (D.D.C. 2020). In *Whitman-Walker*, the court preliminarily enjoined the 2020 Rule's incorporation of the religious exemption from Title IX. 485 F. Supp. 3d. at 45-46. In *Walker*, the court also preliminarily enjoined the repeal of the provision formerly codified as 45 C.F.R. § 92.206, which prohibits discrimination based on gender identity. *See Walker v. Azar*, No. 20-cv-2834, 2020 WL 6363970, at *4 (E.D.N.Y. Oct. 29, 2020).

---

[3] Three of the deleted provisions applied to Medicaid managed care programs. 85 Fed. Reg. at 37,219; see 45 C.F.R. §§ 438.3(d)(4), 438.206(c)(2), 440.262. Two provisions applied to discrimination in the delivery of Program of All-Inclusive Care for the Elderly (PACE) services. 85 Fed. Reg. at 37,220; 42 C.F.R. §§ 460.98(b)(3), 460.112(a). The remaining five regulations rolled back nondiscrimination protections applicable to insurers, Federally facilitated exchanges, and issuers, agents, and brokers of qualified health plans. *See* 85 Fed. Reg. at 37,220-37,222; 45 C.F.R. §§ 147.104(e), 155.120(c)(ii), 155.220(j)(2)(i), 156.200(e), 156.1230(b)(2).

Separately, Plaintiffs in this litigation filed a motion for summary judgment on their APA claims, and Defendants filed a motion to dismiss, both of which were fully briefed as of January 2021. *See* ECF Nos. 108-113, 128-131, 136-138. Subsequently, on February 3, 2022, this Court ordered a stay of proceedings pending HHS's actions following its statement that it intended to promulgate new regulations implementing the statute. ECF No. 148.

### C. The 2024 Rule

On May 6, 2024, HHS promulgated another regulation that purports to revise most of the 2020 Rule. *See generally* 89 Fed. Reg. 37,522-703. In many respects the 2024 Rule interprets Section 1557 in a manner that reinstates or expands upon the protections of the original 2016 Rule, including, as relevant here:

- Establishing a definition of sex-based discrimination to include "sex characteristics, including intersex traits, pregnancy or related conditions, sexual orientation, gender identity, and sex stereotypes." *Id*. at 37,667, 37,633-34, 37,669 (45 C.F.R. § 92.101(a)(2)).

- Prohibiting categorical exclusions for all services related to gender transition and establishing a presumption of discrimination (1) for covered health providers to deny or limit certain treatments sought for the purposes of gender transition where such services are provided for other purposes and (2) for covered health insurers to set limitations or restrictions on claims for health services related to gender transition if doing so results in sex discrimination. *Id.* at 37,701 (45 C.F.R. §§ 92.206(b)(4)-(5)).

- Restoring the CMS regulations that had previously prohibited sexual orientation and gender identity discrimination, while also expanding protections to include sex characteristics and intersex traits. *Id.* at 37,595, 37,667 (42 C.F.R. §§ 438.3(d)(4), 438.206(c)(2)).

- Removing the 2020 Rule's incorporation of a broad religious exemption and "abortion neutrality" provision from Title IX. *Id.* at 37,530-35.

- Reinstating more robust requirements for covered entities to provide meaningful access for individuals with limited English proficiency. *Id.* at 37,699-702 (45 C.F.R. §§ 92.201(a)-(f)).

6

- Reinstating broad definitions of "health program or activity" and "covered entity" that include health insurers and HHS programs that were removed under the 2020 Rule. *Id*. at 37,537-42 (45 C.F.R. § 92.4).

### D. Federal Court Orders Staying or Enjoining Provisions of the 2024 Rule

In July 2024, days before the 2024 Rule was slated to take effect, several courts issued orders enjoining or staying key parts of it. *See Tennessee v. Becerra*, No. 1:24cv161-LG-BWR, 2024 WL 3283887, at *1 (S.D. Miss. Jul. 3, 2024), *appeal docketed*, No. 24-60462 (5th Cir. Sept. 5, 2024); *Texas v. Becerra*, No. 6:24-cv-211-JDK, 2024 WL 3297147, at *1 (E.D. Tex. Jul. 3, 2024), *appeal docketed*, No. 24-40568 (5th Cir. Sept. 5, 2024); *Florida v. Dept of Health & Human Services*, 8:24-cv-1080-WFJ-TGW, 2024 WL 3537510, at *5 (M.D. Fla. Jul. 3, 2024), *appeal docketed*, No. 24-12826 (11th Cir. Sept. 4, 2024).[4]

The court order in *Tennessee v. Becerra* is the most far-reaching of the three, preliminarily enjoining Defendants from enforcing the sex-based discrimination provisions of the 2024 Rule and staying the effective date of twenty-one challenged provisions, on a nationwide basis.[5] *Tennessee*, 2024 WL 3283887, at *13. The *Tennessee* nationwide injunction prevents Defendants from "enforcing, relying on, implementing, or otherwise acting pursuant to" the 2024 Rule's challenged provisions, which define sex-based discrimination to include gender identity. *Id.* Separately, the court in *Texas v. Becerra* has stayed the 2024 Rule as to Texas and Montana and stayed the effective date of at least seven challenged provisions *nationwide*.[6] *Texas*, 2024

---

[4] Defendants have filed notices of appeal in all three cases.

[5] The enjoined/stayed provisions include: 42 C.F.R. §§ 438.3, 438.206, 440.262, 460.98, 460.112 and 45 C.F.R. §§ 92.5-10, 92.101, 92.206-211, 92.301, 92.303-304, to the extent they "extend discrimination on the basis of sex to include discrimination on the basis of gender identity." *Tennessee*, 2024 WL 3283887, at *13.

[6] 42 C.F.R. §§ 438.3(d)(4), 438.206(c)(2), 440.262, 460.98(b)(3), 460.112(a); 45 C.F.R. §§ 92.101(a)(2) (and all references to this subsection), 92.206(b), 92.207(b)(3)-(5).

7

WL 3297147, at *12; *see also* Order Modifying Stay at 4, *Texas v. Becerra*, No. 6:24-cv-211 (E.D. Tex. Aug. 30, 2024). And in *Florida v. HHS*, the court has preliminarily enjoined Defendants from instituting or pursuing any enforcement proceedings under Section 1557, 42 U.S.C. § 18116(a), based on the interpretation of discrimination "on the basis of sex" to be codified at 45 C.F.R. § 92.101(a)(2)(iv), 92.206(b), or 92.207(b)(3)-(5), against any covered entities in Florida. *Florida,* 2024 WL 3537510, at *20. The court also stayed the effective date of several sections concerning sex-based discrimination and related requirements as to covered entities in Florida.[7] *Id.*

Taken together, these orders prevent implementation of key provisions of the 2024 Rule and leave the 2020 Rule's interpretation of the statute as the status quo as to sex-based discrimination and related provisions. For example, if fully implemented, stayed provisions of the 2024 Rule would have prohibited health providers from denying health services for the purpose of gender-transition or gender affirming care, 45 C.F.R. § 92.206(b), would have prohibited health insurers from discriminating by denying or limiting coverage for such services, 45 C.F.R. §§ 92.207(b)(3)-(5), and would have required covered entities to provide assurances that they will not discriminate on the basis of sex as defined by the 2024 Rule, 45 C.F.R. § 92.5. Left in their place is the 2020 Rule's countenance for widespread discrimination, along with a prohibition on HHS taking any action to counter it.

## LEGAL STANDARD

Federal courts have a "virtually unflagging obligation" to "exercise the jurisdiction given [to] them" by Article III of the Constitution. *Srour v. New York City*, --- F.4th ----, 2024 WL 4112342, at *5 (2d Cir. 2024) (quoting *Colo. River Water Conservation Dist. v. United States*,

---

[7] 45 C.F.R. §§ 92.101(a)(2)(iv), 92.206(b), 92.207(b)(3)-(5); 42 C.F.R. § 438.3(d)(4).

424 U.S. 800, 817 (1976)). It follows that courts "must examine all the facts and circumstances" when assessing whether a case is moot. *Etuk v. Slattery*, 936 F.2d 1433, 1441 (2d Cir. 1991). A case becomes moot when it is impossible for a court to grant *any* effectual relief whatever to the prevailing party. *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 295 (2023) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)) (internal quotations omitted) (emphasis added). The party who seeks to have the case dismissed as moot "bears the burden of demonstrating mootness and that burden is a heavy one." *Etuk,* 936 F.2d at 1441 (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Accordingly, a defendant "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). Wrongful behavior is "reasonably" likely to recur if there is a "fair prospect" that it will recur in the foreseeable future. *Ohio v. EPA*, 969 F.3d 306, 310 (6th Cir. 2020).

## ARGUMENT

Defendants rely entirely on a single argument to justify their assertion of mootness: that the 2020 Rule challenged by Plaintiffs has been "replaced." ECF No. 180, at 1. But their brief paints an inaccurate picture of the status of the 2020 Rule. As summarized above, the preliminary injunctions entered by several other federal district courts have either stayed or enjoined material parts of the 2024 Rule that would have "replaced" provisions of the 2020 Rule. As a result, a controversy remains between the parties to the instant litigation, and this Court is still able to order relief that will redress the violations alleged by Plaintiffs. Namely, an order declaring that Defendants' promulgation of the 2020 Rule violated the Administrative Procedure Act, in whole or in part, and that all or part of it should therefore be vacated and/or enjoined. *See Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 120, n.5 (2018) (observing that the case was

not moot where a challenged Rule "remains on the books for now, the parties retain a concrete interest in the outcome of this litigation, and it is not impossible for a court to grant any effectual relief ... to the prevailing party.") (internal quotations omitted).

First, even assuming that the 2024 Rule fully "replaces" the regulations Plaintiffs have challenged here, it has not fully taken effect. In the federal register publication of the 2024 Rule, Defendants made clear that "[t]he 2020 Rule remains in effect, save for the parts enjoined or set aside by courts, until the effective date of this final rule" and "[i]n the meantime, entities that are subject to the 2020 Rule must continue to comply with the parts of the 2020 Rule that remain in effect." 89 Fed. Reg. at 37,523; *see also id.* at 37,525. As described above, two other courts, prior to the effective date of the 2024 Rule, stayed or enjoined key provisions of the 2024 Rule *nationwide*. And on HHS OCR's website, Defendants summarize the current status of these injunctions:

> In *Tennessee v. Becerra*, No. 1:24cv161-LG-BWR (S.D. Miss.), the court stayed nationwide the following regulations to the extent they "extend discrimination on the basis of sex to include discrimination on the basis of gender identity": 42 C.F.R. 438.3, 438.206, 440.262, 460.98, 460.112; 45 C.F.R. 92.5, 92.6, 92.7, 92.8, 92.9, 92.10, 92.101, 92.206-211, 92.301, 92.303, 92.304; and enjoined HHS from enforcing the 2024 Final Rule "to the extent that the final rule provides that 'sex' discrimination encompasses gender identity."
>
> In *Texas v. Becerra*, the court stayed nationwide the following regulations: 42 C.F.R. 438.3(d)(4), 438.206(c)(2), 440.262, 460.98(b)(3), 460.112(a); 45 C.F.R. 92.101(a)(2) (and all references to this subsection), 92.206(b), 92.207(b)(3)-(5).

*Section 1557 of the Patient Protection and Affordable Care Act,* U.S. DEP'T OF HEALTH AND HUMAN SERVICES, https://www.hhs.gov/civil-rights/for-individuals/section-1557/index.html (last visited Oct. 15, 2024).

These stayed provisions govern the definition of sex-based discrimination and implement related requirements to prevent discrimination on the basis of gender identity, and the injunctions prevent HHS from enforcing them on a nationwide basis. As a result, the injuries articulated by Plaintiffs in this litigation as traceable to the 2020 Rule's impact—increased administrative,

10

regulatory, and enforcement burdens—persist. *See* Pls.' Resp. in Opp. to Mot. to Dismiss, ECF No. 128, at 5-18; *see also* Compl., ECF No. 1, at ¶¶ 175-206, 207-21, 222-56.

The persistence of key parts of the 2020 Rule therefore renders inapposite Defendants' reliance on case law suggesting that an agency's "amendment or repeal" of a regulation moots litigation challenging that regulation. *See* ECF No. 180, at 2. For example, in *Alaska v. U.S. Department of Agriculture*, the challenged regulation had been fully superseded by a final regulation that *actually took effect*, unlike here where intervening court orders prevent full implementation of the 2024 Rule. 17 F.4th 1224, 1226 (D.C. Cir. 2021). Similarly, *Ozinga v. Price* involved a challenge to regulations implementing the contraceptive mandate under the ACA, but the federal government subsequently introduced a regulation providing for an accommodation for religious employers that eliminated the injuries alleged by the plaintiff who had challenged the mandate, therefore rendering the case moot. 855 F.3d 730, 734-35 (7th Cir. 2017). But again, that superseding regulation *actually took effect,* and the plaintiff was free to take full advantage of the accommodation offered by the new regulation. *See id*. And in *American College of Pediatrics v. Becerra*, several organizations of health care professionals had sued HHS based on its 2021 "Notification of Interpretation and Enforcement" declaring that HHS interprets Section 1557 as prohibiting gender-identity discrimination. No. 23-5053, 2024 WL 3206579, at *1 (5th Cir. Jun. 27, 2024). The Fifth Circuit held that the case was moot based on a new interpretation of sex-based discrimination that was announced in the 2024 Rule.[8] *Id*. But in that case, "all parties agree[d] that HHS's promulgation of the 2024 Rule [rendered the case] moot" because there was an absence of a credible threat of enforcement of the prior

---

[8] Moreover, this decision preceded the July 3, 2024, preliminary injunctions preventing those portions of the 2024 Rule articulating HHS' revised interpretation of sex-based discrimination from taking effect.

interpretation, and because "HHS is implementing the rule using regulatory procedures that differ from those challenged in the complaint." *Id*. at *2. Not so here, where a prior interpretation "remains on the books." *Nat'l Ass'n of Mfrs.* 583 U.S. at 120, n.5.[9] The continuation of this litigation will permit Plaintiffs to seek relevant relief to remedy harms persisting from the 2020 Rule.

Second, Defendants mischaracterize the relief sought by Plaintiffs in this litigation. Defendants posit that HHS has "given 'plaintiffs what they sought'" in their promulgation of the 2024 Rule. ECF No. 180, at 4. But Plaintiffs have not asked for that from this Court. Nowhere in Plaintiffs' Complaint is there a request for an order compelling Defendants to publish a new rule. *See* ECF No. 1. Rather, Plaintiffs have sought declaratory and injunctive relief as to *the 2020 Rule*, including any vestiges of it which may remain following the adjudication of pending litigation surrounding the 2024 Rule. To be sure, *if* the federal government prevails in those litigations, *and if* the stays and preliminary injunctions of the sex-based discrimination provisions of the 2024 Rule that have been issued are lifted, *and if* the 2024 Rule then takes effect in full, then it is plausible that there would remain no further relief Plaintiffs might seek

---

[9] Each of the other cases cited by Defendants on this point is similarly off base. *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 & n.11 (1982) (case not moot despite repeal of challenged statute where city had announced its intent to reenact the statute if district court's decision was vacated); *Gulf of Me. Fisherman's All. v. Daley*, 292 F.3d 84, 88 (1st Cir. 2002) (holding case moot where "every measure" of challenged regulatory framework was "now defunct" and whatever deficiencies had existed "have been eliminated" by promulgation of new regulations.); *Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50, 59 (2d Cir. 1992) (holding case moot where emergency regulations promulgated by state agency ceased the challenged requirement, which the state for several years had not enforced, and "nothing in the record . . . indicate[d] that such enforcement [would] recur."); *Deide v. Day*, No. 23-cv-3954, 2024 WL 3471294, at *4 (S.D.N.Y. July 19, 2024) (holding case moot where challenged executive order had been replaced by wholly different executive order, giving rise to a "fundamentally different controversy than the one challenged" in plaintiffs' original complaint.); *Akiachak Native Cmty. v. U.S. Dep't of the Interior*, 827 F.3d 100, 108 (D.C. Cir. 2016) (federal agency fully rescinded and replaced a challenged regulation and defendant State intervened without an independent claim for relief); *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016) (holding case moot where "the MTA has altered its conduct in a manner sufficient to present a fundamentally different controversy" and the "effects of the MTA's challenged conduct have been completely eliminated"); *New York v. Raimondo*, No. 19-cv-09380-MKV, 2021 WL 1339397, at *2 (S.D.N.Y. Apr. 9, 2021) ("The rules challenged in this action have been revised and are no longer in effect").

from this Court as the 2020 Rule will have then been fully "replaced." But that series of "*ifs*" is by no means a certainty at this point, and there remains, therefore, a concrete interest to be pursued by Plaintiffs in this litigation. *See Nat'l Ass'n of Mfrs.*, 583 U.S. at 120, n.5.

      Defendants suggest that Plaintiffs' interest can be fully met by "presenting their arguments as an amicus supporting the Government" in the pending litigations challenging the 2024 Rule. ECF No. 180, at 4. Of course, Plaintiffs may well seek, and reserve their right, to participate in these litigations to support or defend the 2024 Rule's interpretation of Section 1557 that aligns with their interests and that could mitigate the harms of the 2020 Rule if fully effectuated. But that does not negate Plaintiffs' interest in simultaneously ensuring that their desired outcomes in *this* litigation—a declaration of the illegality of the 2020 Rule and an injunction preventing Defendants from enforcing it—are met. For the same reason, by seeking to continue their claims here Plaintiffs are not, as Defendants claim (ECF No. 180, at 4-5) pursuing a "'collateral attack on [another court's] decision" or an "advisory opinion" as to the legality of the 2024 Rule. Nor are Plaintiffs' arguments against mootness simply reliant on "mere speculation" about what these courts may only do in the future. ECF No. 180, at 5. Rather, there remains a live controversy between the parties in this case because courts have already issued orders resulting in the persistence of the challenged parts of the 2020 Rule, *see supra*, at 7-8, and Defendants have not conceded that these parts of the 2020 Rule are invalid and will not remain in effect if the preliminary injunctions staying and/or enjoining parts of the 2024 Rule become permanent. Under these circumstances Plaintiffs are entitled to continue to pursue here declaratory and injunctive relief as to whatever may therefore remain of the 2020 Rule.

## CONCLUSION

For these reasons, this Court should reject Defendants' assertion that Plaintiffs' claims are moot, and deny Defendants' request for dismissal. Alternatively, Plaintiffs request that the Court hold Defendants' request in abeyance and reinstate a stay of these proceedings pending resolution of the litigations challenging the 2024 Rule.

Dated:  October 15, 2024

Respectfully submitted,

LETITIA JAMES
*Attorney General of the State of New York*


By: /s/ *Travis England*
Travis W. England, *Deputy Chief*

Kyle S. Rapiñan, *Assistant Attorney General*
Xhoana Ahmeti, *Attorney General Fellow*
Civil Rights Bureau
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-6233
travis.england@ag.ny.gov

*Attorneys for the State of New York*

| | |
|---|---|
| ROB BONTA<br>*Attorney General of California* | ANDREA J. CAMPBELL<br>*Attorney General of Massachusetts* |
| By: */s/ Heidi Lehrman*<br>Neli N. Palma<br>  *Senior Assistant Attorney General*<br>Kathleen Boergers<br>  *Supervising Deputy Attorney General*<br>Heidi Lehrman, *Deputy Attorney General*<br>Office of the California Attorney General<br>1300 I Street, Suite 125<br>P.O. Box 944255<br>Sacramento, CA  94244-2550<br>(916) 210-7835<br>Heidi.Lehrman@doj.ca.gov | By: */s/ Kimberly A. Parr*<br>Amanda Hainsworth<br>*Assistant Attorney General*<br>Kimberly A. Parr<br>*Assistant Attorney General*<br>Office of the Massachusetts Attorney General<br>One Ashburton Place, 18th Floor<br>Boston, Massachusetts 02108<br>(617) 963-2618<br>kimberly.parr@state.ma.us |
| *Attorneys for the State of California* | *Attorneys for the Commonwealth of Massachusetts* |

15